Arthur B. LLOYD, Petitioner,

v.

Hans WALKER, Superintendent, Auburn Correctional Facility, Respondent.

No. CV–91–1598.

United States District Court, E.D. New York.

Aug. 29, 1991.

Arthur B. Lloyd, pro se.

Ernest Burstein, Asst. Dist. Atty., Kew Gardens, N.Y., for respondent.

### MEMORANDUM AND ORDER

GLASSER, District Judge:

Petitioner was indicted for, *inter alia,* second degree murder for the shooting death of James Ebron in Jamaica, Queens. On August 5, 1985, he pled guilty to manslaughter in the first degree, New York Pen.L. § 125.20, in full satisfaction of the

indictment, and was sentenced on August 28, 1985 to an indefinite term of 6 to 18 years.

Petitioner took no direct appeal from his conviction. Instead, he appealed only his sentence, contending it was excessive. The Appellate Division affirmed the determination below on February 27, 1989. *See People v. Lloyd*, 147 A.D.2d 995, 538 N.Y.S.2d 676 (2d Dep't 1989). Leave to appeal to the New York Court of Appeals was subsequently denied. As will be discussed hereafter, he also moved to vacate his sentence under New York CPL § 440.10 and for state habeas corpus relief under New York CPLR Article 70. He now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner has submitted two separate petitions which have been assigned the same docket number, as they arise from the same arrest and challenge the same conviction. The petitions, which will be designated Petition 1 and Petition 2 in this memorandum, allege 7 and 8 claims for relief, respectively. As those claims overlap considerably, the petitions will be considered together. Petitioner has also moved for discovery of the minutes of the grand jury proceedings relevant to his indictment. For the reasons which follow, that motion, and the two petitions for habeas corpus relief, are denied.

### PROCEDURAL HISTORY

Petitioner asserts the following claims in the two petitions: (1) the investigating officers tampered with physical exculpatory evidence at the crime scene (Petition 2); (2) the investigating officers made false statements on the criminal complaint (Petition 2); (3) the arresting officers transported him across state lines to New Jersey while he was in custody (Petition 1, 2); (4) petitioner was questioned in New Jersey without representation of counsel (Petition 1, 2); (5) petitioner received verbal death threats from an investigating officer (Petition 1, 2); (6) obstruction of justice based on the police officers' (a) removal of exculpatory evidence from the crime scene, (b) coercing the medical examiner to make false statements on the autopsy report, (c) leaving the state with the petitioner, (d) making false statements in court, (e) preventing petitioner from appearing before the grand jury, and (f) the court's allowing a court-assigned attorney to fail to investigate petitioner's removal across state lines (Petition 2); (7) ineffective assistance of (a) trial and (b) appellate counsel (Petition 1, 2); and (8) prosecutorial misconduct by (a) failing to disclose exculpatory evidence to the grand jury, (b) committing perjury, and (c) practicing law when not admitted to the bar in the state of New York (Petition 1, 2).

Petitioner raised claims (1)–(6) as enumerated above in a motion to vacate sentence pursuant to CPL § 440.10. He also raised a seventh claim, "ineffective assistance of counsel." The court considered the first six claims on the merits, for the opinion denying the motion states:

The first six claims of the defendant ... are all conclusory claims which are not supported by any sworn allegations of fact and are totally without any merit. These claims are made solely by the defendant and are unsupported by any other affidavit or evidence. (*See*, CPL 440.30[4][b][d].)

*People v. Lloyd*, Index No. 210/85 (Sup.Ct. Queens Co., Oct. 5, 1988). That the court reached the merits of the claims is also revealed by its citation to CPL § 440.30[4][b] and [d], which state:

4. Upon considering the merits of the motion, the court may deny it without conducting a hearing if:

\* \* \* \* \* \*

(b) The motion is based upon the existence or occurrence of facts and the moving papers do not contain sworn allegations substantiating or tending to substantiate all the essential facts ..., or

\* \* \* \* \* \*

(d) An allegation of fact essential to support the motion (i) is contradicted by a court record or other official document, or is made solely by the defendant and is unsupported by any other affidavit or evidence and (ii) under these and the other circumstances attending the case,

there is no reasonable possibility that such allegation is true.

Whether the ineffective assistance of counsel claim was dismissed on procedural grounds or after consideration on the merits, however, is ambiguous. The language of the opinion suggests the court reached the merits:

> Defendant's seventh claim that he was denied the effective assistance of counsel is denied in that there are sufficient facts on the record which relate to this issue. (*See*, CPL 440.10[2][c].)

However, the citation to CPL § 440.10[2][c] suggests it did not. That section provides:

> [T]he ... court must deny a motion to vacate a judgment when: ... (c) no ... appellate review or determination occurred owing to the defendant's unjustifiable failure to take or perfect an appeal during the prescribed period, or to his unjustifiable failure to raise such ground on an appeal actually perfected by him[.]

Petitioner sought leave to appeal this decision to the Appellate Division, and leave was denied, *see People v. Lloyd*, Index No. 210/85 (2d Dep't, June 20, 1989). The Court of Appeals rejected his application for leave to appeal on the grounds that the Appellate Division's order was not appealable. *People v. Lloyd*, 74 N.Y.2d 813, 546 N.Y.S.2d 570, 545 N.E.2d 884 (1989).

Petitioner also raised claims (1)—(5), (6)(a), (6)(c), (6)(d), (6)(e), (7)(a), (7)(b), (8)(a) and (8)(b) in a state habeas corpus petition pursuant to CPLR Art. 70 filed in the New York Supreme Court, Cayuga County. The court did not reach the merits of these claims, instead dismissing the petition on the grounds that habeas corpus relief "does not lie in this proceeding" either because the claims were waived by his guilty plea, should have been raised on direct appeal, have already been reviewed on direct appeal or at post-conviction proceedings, or because the proper remedy is not release from custody but new trial or appeal. The court did not specify which claims were dismissed for which reasons. *See People ex rel. Lloyd v. Henderson*, Index No. 89–8550, slip op. (Sup.Ct., Cayuga Co., May 10, 1989). Petitioner's appeal of this order to the Appellate Division, Fourth Department, was deemed abandoned and dismissed on July 17, 1990, *see People ex rel. Lloyd v. Henderson*, 166 A.D.2d 932, 561 N.Y.S.2d 680 (1990), and leave to appeal to the Court of Appeals was denied. *People ex rel. Lloyd v. Henderson*, 77 N.Y.2d 802, 566 N.Y.S.2d 587, 567 N.E.2d 981 (1991).

## DISCUSSION

▪ It is fundamental that a state prisoner must exhaust available state remedies before filing a petition for habeas corpus relief in a federal district court. 28 U.S.C. §§ 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515–20, 102 S.Ct. 1198, 1201–04, 71 L.Ed.2d 379 (1982). Exceptions to this requirement lie only when a petitioner has no opportunity for redress in the state court or when pursuing such opportunities would be futile. *Duckworth v. Serrano*, 454 U.S. 1, 3, 102 S.Ct. 18, 19, 70 L.Ed.2d 1 (1981). Furthermore, a petition which includes both claims which have been exhausted and claims which have not—a so-called "mixed petition"—does not satisfy the exhaustion requirement. *Rose v. Lundy*, 455 U.S. at 522, 102 S.Ct. at 1205.

▪ The two-prong exhaustion inquiry adopted by the Second Circuit requires (1) that petitioner must have fairly presented to an appropriate state court the same federal constitutional claim that he now urges upon the federal court, and (2) that he has utilized all available mechanisms to secure appellate review of the denial of that claim. *Wilson v. Harris*, 595 F.2d 101, 102 (2d Cir.1979). If petitioner has failed to do this, he may still meet the exhaustion requirement by utilizing available state remedies for collateral attack on his conviction. *Klein v. Harris*, 667 F.2d 274, 282 (2d Cir.1981), *ovrld on other grounds, Daye v. Attorney General*, 696 F.2d 186 (2d Cir. 1982). "If he does so, and relief is denied, and he thereupon unsuccessfully employs all the state appellate procedures available for review of such denial, the petitioner has satisfied the exhaustion requirement." *Id.* at 283.

When a petitioner has not properly presented his claim to a state for consideration on the merits, but "it is clear that the state court would hold the claim procedurally barred," a federal habeas court need not require that the claim be presented to a state court. *Harris v. Reed,* 489 U.S. 255, 263 n. 9, 109 S.Ct. 1038, 1043 n. 9, 103 L.Ed.2d 308 (1989). Under such circumstances, notwithstanding the failure to present the claim to a state court, the exhaustion requirement is satisfied. *Castille v. Peoples,* 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989); *Engle v. Isaac,* 456 U.S. 107, 125–26 & n. 28, 102 S.Ct. 1558, 1570–71 & n. 28, 71 L.Ed.2d 783 (1982). However, a petitioner's forfeiture of his claims in state court by failing to present them to the proper court bars him from litigating the merits of those claims in federal habeas proceedings, absent a showing of cause for the procedural default and prejudice resulting therefrom, *Coleman v. Thompson,* —— U.S. ——, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991); *Murray v. Carrier,* 477 U.S. 478, 485, 106 S.Ct. 2639, 2643–44, 91 L.Ed.2d 397 (1986), or a showing that the failure to consider the federal claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 111 S.Ct. at 2565; *Murray v. Carrier,* 477

U.S. at 495, 106 S.Ct. at 2649. *See also Wainwright v. Sykes,* 433 U.S. 72, 86–87, 97 S.Ct. 2497, 2506–07, 53 L.Ed.2d 594 (1977); *Rosenfeld v. Dunham,* 820 F.2d 52, 54 (2d Cir.1987).

As the above discussion sets out, petitioner's claims (1)—(6), regarding the conduct of the investigating and arresting police officers, were considered by the state court on the merits in his CPL § 440.10 motion and are therefore exhausted.[1]

Claim (7)(a), ineffective assistance of trial counsel, received an ambiguous ruling, as the court stated that the claim "is denied in that there are sufficient facts on the record which relate to this issue," but then cited CPL § 440.10[2][c], which provides for dismissal on procedural grounds. *The rule which governs the interpretation of this opinion, however, is clear:* "[A] procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris v. Reed,* 489 U.S. at 263, 109 S.Ct. at 1043.[2] Thus, the ineffective assistance of trial counsel claim was exhausted and for the purposes of this

---

**1.** The fact that petitioner's failure to raise the claims on direct appeal would have rendered them procedurally barred and precluded from federal habeas review had they been raised in a federal habeas corpus petition prior to the state court's decision of his CPL § 440.10 motion does not render them forever procedurally barred in federal court. "State procedural bars are not immortal ...; they may expire because of later actions by state courts. If the last state court to be presented with a particular federal claim reaches the merits, it removes any bar to federal court review that might otherwise have been available." *Ylst v. Nunnemaker,* —— U.S. ——, 111 S.Ct. 2590, 2593, 115 L.Ed.2d 706 (1991).

**2.** *Ylst v. Nunnemaker,* —— U.S. ——, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991) and *Coleman v. Thompson,* —— U.S. ——, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), are not to the contrary.

The state procedural history in *Ylst* required a federal habeas court to interpret a state court opinion which provided no explanation for the denial of a petition for state habeas corpus relief. The Ninth Circuit had concluded that

the state court's decision constituted a decision on the merits, applying the presumption mandated by *Harris v. Reed,* 489 U.S. at 263, 109 S.Ct. at 1043, that when a federal claim is denied without explicit reliance on state grounds the merits of the federal claim are the basis for the judgment. The Supreme Court rejected the application of this presumption to state opinions which leave a decision completely unexplained, *Ylst,* 111 S.Ct. at 2594, adopting an alternative presumption that "where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." *Id.* However, it reaffirmed the continued vitality of the *Harris v. Reed* presumption in cases where "it is determined that 'the relevant state court decision ... fairly appear[s] to rest primarily on federal law *or [is] interwoven with federal law.*'" *Ylst,* 111 S.Ct. at 2594 (emphasis added). *See also Coleman v. Thompson,* 111 S.Ct. at 2557 (same).

In the case at bar, since the state court's decision of the CPL § 440.10 motion can fairly be said to suggest both federal and state grounds, the *Harris* presumption is properly applied.

petition is deemed to have been considered on the merits.

■ According to petitioner, he presented claim (7)(b), ineffective assistance of appellate counsel, in his state habeas petition. Unexplainedly, the habeas court's opinion reflects only that it considered a claim of "ineffective assistance of counsel." This may be due to the fact that a state habeas corpus proceeding is not available to raise a claim of ineffective assistance of appellate counsel. *See, e.g., People ex rel. Grant v. Scully,* 133 A.D.2d 359, 519 N.Y.S.2d 261 (2d Dep't 1987) (writ of habeas corpus is improper vehicle for testing claim of ineffective assistance of appellate counsel); *People ex rel. Robinson v. Scully,* 122 A.D.2d 290, 505 N.Y.S.2d 193 (2d Dep't 1986) (claims of ineffective assistance of appellate counsel do not entitle petitioner to habeas corpus relief because those claims, if meritorious, would at most require a new appeal rather than release from custody). The *only* proper vehicle for raising a claim of ineffective assistance of appellate counsel in New York is the common law writ of error coram nobis. *People v. Bachert,* 69 N.Y.2d 593, 600, 516 N.Y.S.2d 623, 509 N.E.2d 318 (1987). Thus, petitioner's having raised the issue in that proceeding does not constitute a "fair presentation" of the issue to a state court for exhaustion purposes. "[W]here the claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless 'there are special and important reasons therefor,' " an "assumption" that the state has considered it on the merits "is not appropriate." *Castille v. Peoples,* 489 U.S. at 351, 109 S.Ct. at 1060 (petition for allocatur presented to Pennsylvania Supreme Court does not exhaust state remedies); *Ex parte Hawk,* 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572 (1944) (application to Nebraska Supreme Court for original writ of habeas corpus does not exhaust state remedies). Whether or not a state court would consider such an application for a writ of error coram nobis based on ineffective assistance of appellate counsel when the Appellate Division ruled on his direct appeal more

than two years prior to the filing of the instant petitions is unknown. This claim must, therefore, be considered unexhausted.

■ Claim (8), relating to the conduct of the prosecutor, was presented in the state habeas proceeding and was rejected on procedural grounds. This claim would also be procedurally barred by CPL § 440.10, and may no longer be heard on a direct appeal. *See Harris v. Reed,* 489 U.S. at 269, 109 S.Ct. at 1045 (O'Connor, J., concurring) ("[A] federal court may properly determine whether the claim has been procedurally defaulted under state law, such that a remedy in state court is 'unavailable' within the meaning of § 2254(c)."). *See also Castille v. Peoples,* 489 U.S. at 351, 109 S.Ct. at 1060. Petitioner offers no reason for the default. This claim is therefore exhausted but because of the procedural default may not be considered on the merits in a federal habeas proceeding. *See Coleman v. Thompson,* 111 S.Ct. at 2565.

To summarize, claims (1)—(7)(a) are exhausted and may be considered on the merits by a federal habeas court. Claim (8) is also exhausted, but is barred from consideration on the merits. Claim (7)(b), the ineffective assistance of appellate counsel claim, however, is unexhausted and because it appears in both petitions requires their dismissal pursuant to *Rose v. Lundy, supra.* Petitioner may return to state court to attempt to litigate this claim in a proper state proceeding, or may drop the claim by amending his petitions, at which time this court could proceed to the merits of those claims not procedurally barred.

■ In the interest of economy, it is worth noting that those claims concerning the conduct of the investigating and arresting police officers, (1)—(6), which are exhausted and not barred from federal review by procedural default in the state courts, would have to be dismissed since they were waived by petitioner's guilty plea. It is well-settled that a defendant's properly counselled and entered plea of guilty admits all of the elements of a formal criminal charge and waives a multitude of federal constitutional rights, including

the privilege against compulsory self-incrimination, the right to confront one's accusers, the right to a jury trial, the right to a speedy trial, and the right to require the prosecutor to prove the crime beyond a reasonable doubt. *Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."); *Miller v. Angliker,* 848 F.2d 1312, 1319 (2d Cir.) ("When a defendant pleads guilty, he waives ... the right to confront his accusers and the privilege against compulsory self-incrimination."), *cert. denied,* 488 U.S. 890, 109 S.Ct. 224, 102 L.Ed.2d 214 (1988); *United States v. Manni,* 810 F.2d 80, 84 (6th Cir.1987) (defendant's argument regarding the sufficiency of the evidence that might have been produced at trial was waived by his guilty plea); *United States v. Freed,* 688 F.2d 24, 25–26 (6th Cir.1982) (defendant who pleaded nolo contendere could not later argue that the evidence was insufficient to support a conviction); *Isaraphanich v. United States,* 632 F.Supp. 1531, 1534 (S.D.N.Y.1986) (by pleading guilty, defendant waived his right to assert either an entrapment defense or any antecedent constitutional violations, such as unconstitutional search and seizure, unlawful arrest, coerced confession, and violation of the privilege against self-incrimination, as grounds for vacating his conviction); *Saunders v. Sullivan,* 88 Civ. 1162, slip op. 2, 1989 WL 32830 (E.D.N.Y., March 27, 1989).[3] Accordingly, all of the claims related to the conduct of the officers and the prosecutor, including that they illegally transported him while in custody, verbally threatened him, coerced a statement from him in another state while depriving him of

representation, and tampered with evidence would be waived by his guilty plea and may not be heard by a federal habeas court. This result has especial force as it applies to the claims which concern the grand jury proceeding, as follows from *Lopez v. Riley,* 865 F.2d 30, 32 (2d Cir.1989). In that case, the Second Circuit considered whether claims of error in a New York grand jury proceeding, including insufficiency of evidence to indict, the prosecutor's failure to present exculpatory evidence, and other errors "are cognizable in a habeas corpus proceeding" where the defendant has been convicted by a petit jury. The court held that such errors were cured by the verdict and, quoting *United States v. Mechanik,* 475 U.S. 66, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986), wrote:

> "[T]he petit jury's subsequent guilty verdict means not only that there was probable cause to believe that the defendants were guilty as charged, but also that they are in fact guilty as charged beyond a reasonable doubt. Measured by the petit jury's verdict, then, any error in the grand jury proceeding connected with the charging decision was harmless beyond a reasonable doubt." 475 U.S. at 70, 106 S.Ct. at 942 (footnote omitted). The reasoning of *Mechanik* clearly applies here. If a federal grand jury rights are not cognizable on direct appeal where rendered harmless by a petit jury, similar claims concerning a state grand jury proceeding are *a fortiori* foreclosed in a collateral attack brought in a federal court.

*Lopez v. Riley,* 865 F.2d at 32. Petitioner apparently raised no objection to his indictment or to the conduct of his grand jury proceeding when he entered his guilty plea, and does not contend that such plea was not properly entered. Having admitted to the factual basis of the charges against him upon entering a plea of guilty, any

---

**3.** Federal habeas corpus review of a conviction entered on a plea of guilty based on constitutional infirmities in pre-trial proceedings can be entertained when state law permits a defendant to appeal the results of such pre-trial proceedings. *See Lefkowitz v. Newsome,* 420 U.S. 283, 289, 95 S.Ct. 886, 889, 43 L.Ed.2d 196 (1975). In New York, C.P.L. § 710.70(2) preserves a defen-

dant's right to appeal from a denial of a motion to suppress evidence, notwithstanding a plea of guilty. In this case, petitioner sought to suppress a videotaped statement he made at the 25th Precinct Police Station following his arrest. However, he did not move prior to trial with respect to any of the evidence or statements described in the instant petitions.

error in the proceeding which led to his indictment is, as *Lopez v. Riley* teaches, rendered harmless, and is not a cognizable claim in a federal habeas proceeding.

To prove his ineffective assistance of counsel claim, claim (7)(a), which petitioner may litigate in a federal habeas proceeding if he presents it in a fully exhausted petition, he will have to show both that "that counsel's performance was deficient," that is, that the attorney "made errors so serious" that the representation fell below "an objective standard of reasonableness," *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674 (1984), and that there was a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *York v. Lockhart,* 856 F.2d 61 (8th Cir.1988), *cert. denied,* 490 U.S. 1026, 109 S.Ct. 1759, 104 L.Ed.2d 195 (1989). Respondent has not addressed this claim in his opposition brief and the court will not comment on its merits at this time.

In conclusion, because the two petitions contain the unexhausted claim of ineffective assistance of appellate counsel, they must be dismissed. Additionally, because any error in the grand jury proceeding was cured by petitioner's guilty plea, his motion for disclosure of the grand jury minutes is denied.

SO ORDERED.