101 F.3d 683
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Salvatore BACCHI, Petitioner-Appellant,
v.
Daniel SENKOWSKI, Superintendent, Clinton Correctional
Facility, Respondent-Appellee.
 No. 95-2556.
 United States Court of Appeals, Second Circuit.
 April 30, 1996.
 
 APPEARING FOR APPELLANT: Andrew D. Greene, Lake Success, N.Y.
 APPEARING FOR APPELLEE: Michael Blakey, Asst. Dist. Atty., Riverhead, N.Y.
 E.D.N.Y.
 AFFIRMED.
 Before NEWMAN, Chief Judge and McLAUGHLIN and CABRANES, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 3
 Petitioner Salvatore Bacchi appeals from the May 19, 1995, judgment of the District Court dismissing his petition for a writ of habeas corpus. Bacchi was convicted in a New York court of raping and sodomizing the complainant after forcing her at gunpoint to leave a bar with him. Bacchi argues that the trial court's missing witness instruction and admission into evidence of certain hearsay testimony was erroneous and violated his due process rights. He also challenges the prosecutor's summation as unduly prejudicial.
 
 
 4
 1. Jury instruction. Bartender Henry Wrieth was the sole defense witness. On cross-examination, he testified that during the police investigation he had given Detective Simonetti information somewhat harmful to the defense theory. Defense counsel subsequently argued that since the People had attempted to impeach Wrieth with conversations held between Wrieth and Simonetti, but had not called Simonetti as a witness, the trial court should give the jury a missing witness instruction. The trial court gave the following charge:
 
 
 5
 During cross examination, statements attributed to Mr. Wrieth that were made to Detective Simonetti were elicited by the prosecution.... [F]rom the failure of the People to call Detective Simonetti, the law permits but does not require you to infer ... that if Detective Simonetti ... had testified, such testimony would not support or would even contradict the testimony of Henry Wrieth.
 
 
 6
 Petitioner asserts that the instruction, which was intended to be for the benefit of the defense, should have directed that the jury was permitted to infer from Simonetti's failure to testify that Simonetti's testimony would have supported and corroborated the testimony of Wrieth. Petitioner argues that the instruction improperly allowed the jury to infer that the testimony of the sole defense witness would have been contradicted in its entirety by Simonetti, and that such an instruction impermissibly lowered the prosecution's burden of proof and deprived petitioner of his right to confront and cross-examine all witnesses against him.
 
 
 7
 We reject petitioner's argument. Petitioner requested the missing witness instruction over the People's objection, and raised no objection in the trial court to the wording of the instruction. Absent a showing of cause and prejudice, which petitioner does not attempt, petitioner may not now challenge the instruction. See Wainwright v. Sykes, 433 U.S. 72, 90-91 (1977). In any event, we agree with the District Court that Wrieth's testimony did little to exculpate the petitioner, and a differently worded instruction would not have changed the outcome of the trial. Any error in the instruction was not of federal constitutional dimension. See, e.g., Henderson v. Kibbe, 431 U.S. 145, 154 (1977). We also note that the People make a strong argument that in context, the instruction, though unusual, was not erroneous.
 
 
 8
 2. Hearsay. During cross-examination, defense counsel elicited from complainant that she had once agreed to meet with Nicholas DeCicco because he had told her that he would put her in contact with a woman whom petitioner had previously raped at gunpoint. The prosecutor had previously objected to defense counsel questioning complainant about her relationship with DeCicco. Petitioner contends his right to a fair trial was violated because the prosecutor improperly allowed the complainant to give false and highly prejudicial testimony.
 
 
 9
 Petitioner's argument is without merit. First, as the District Court stated, the record is devoid of facts sufficient to determine the truth or falsity of the previous rape allegation, and there is no allegation that complainant testified falsely as to the fact that DeCicco had made the statement about the prior rape. Second, defense counsel, not the prosecutor, is responsible for the introduction of the prejudicial testimony. See United States v. Nersesian, 824 F.2d 1294, 1308-09 (2d Cir.), cert. denied, 484 U.S. 957 (1987). Indeed, the record indicates that the prosecutor had cautioned complainant so that, except for defense counsel's questioning, she would have avoided recounting DeCicco's statement. Also, complainant's testimony regarding the relationship between DeCicco and defense counsel's law partner suggests that defense counsel was aware of the dangers of questioning complainant about her relationship with DeCicco. Third, the trial court instructed the jury that the statement was hearsay and not admitted for its truth. See id. In light of all these factors, the admission of the hearsay testimony did not deprive petitioner of a fair trial.
 
 
 10
 3. Summation. We have fully reviewed petitioner's contention that the prosecutor's summation was inflammatory and agree with the District Court that, evaluating the summation in light of the factors outlined in United States v. Modica, 663 F.2d 1173, 1181 (2d Cir.1981) (per curiam), cert. denied, 456 U.S. 989 (1982), any improper remarks did not substantially prejudice the petitioner.