MEMORANDUM AND ORDER

SEYBERT, District Judge:
Petitioner' Fred Mabery, proceeding pro se, petitions the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 2,1972, a North Carolina state court sentenced petitioner to two concurrent terms of life imprisonment for kidnapping and raping a 15-year-old girl. Thereafter, following a jury trial, petitioner was convicted in New York State Supreme Court, Queens County, of first degree robbery, second degree kidnapping and third degree larceny with respect to a separate incident.[1] On June 21, 1974, petitioner was sentenced pursuant to his New York judgment of conviction to concurrent terms of incarceration not to exceed twenty-five years for the kidnapping and robbery convictions, and not to exceed four years for the larceny conviction. The New York State Appellate Division later reversed the kidnapping conviction, and affirmed the other two New York convictions. See People v. Mabery, 51 A.D.2d 557, 378 N.Y.S.2d 449 (App.Div.2d Dep’t 1976). Petitioner’s application for leave to appeal to the New York Court of Appeals was denied on March 15, 1976.
In his amended petition for a writ of habe-as corpus, petitioner asserts three claims. First, he claims that he was denied his constitutional right to effective assistance of counsel. Specifically, he claims, inter alia, that his appellate counsel should have argued that the 1975 Amendments to the New York Penal Law [NYPL] applied retroactively to the calculation of his sentence. Second, he asserts that he was denied due process of law as a result of an improper calculation of his sentence. Specifically, he claims that NYPL §§ 70.30(l)(c) and 70.30(2)-a apply to the computation of his sentence to place a thirty-year limitation on his aggregate maximum sentence. Finally, petitioner contends that he was denied due process of law through his denial of good-time credits. See Docket #19.

FACTUAL BACKGROUND

On June 21, 1974, Justice Browne, the justice who presided over petitioner’s New York trial, ended his sentencing order with the words, “[e]ach of these terms to run concurrently.” Sentencing Order, at 6. According to the petitioner, it is unclear whether this language referred solely to his New York sentences or to his North Carolina sentence in relation to his New York sentences.
In 1978, petitioner filed the first of his two federal civil-rights actions in the United States District Court for the Eastern District of North Carolina. Judge Dupree, the federal district judge assigned to petitioner’s case, stated in his Order that Mabery may not need to serve any time in New York since “the sentences are running concurrently.” Mabery v. Keith, No. 78-429-CRT, at 1 (E.D.N.C. Nov. 28, 1978). Letters from the New York State Department of Correctional Services [DOCS] reinforced this impression that petitioner’s North Carolina sentence ran concurrently to his New York sentence.
In 1981, however, petitioner received a letter from DOCS which noted that, contrary to DOCS’ prior position, his New York sentence, in fact, was scheduled to run consecutive to his North Carolina sentence. Thereafter, with the exception of one correspondence (a letter in 1983 which calculated his tentative release date based upon the two terms running concurrently), DOCS officials, in their correspondences to the petitioner, consistently took the position that petitioner’s North Carolina and New York sentences would run consecutively.
In 1985, upon petitioner’s filing of a second civil-rights suit in federal district court in North Carolina, Judge Dupree overruled his prior decision, concluding that the petitioner’s New York sentences ran consecutively to his North Carolina sentences. Petitioner was paroled by the State of North Carolina on November 22,1988.
*196 In New York, petitioner filed several motions for resentencing pursuant to section 440.20 of the New York Criminal Procedure Law [CPL], On January 28, 1985, he filed his first such motion claiming that it would be unlawful for the two sentences to run consecutively. This motion was denied on February 19, 1985. Leave to appeal to the Appellate Division likewise was denied.
Petitioner filed a second CPL § 440.20 motion on November 25,1988, which was denied by the trial court on January 5, 1989. In that motion, petitioner argued that he was denied equal protection of law because the New York courts initially sentenced him to concurrent terms of imprisonment, and subsequently changed their position to provide that the sentences would run consecutively. In this application, petitioner focused upon NYPL § 70.25, arguing that the state legislature, in drafting this provision, intended to provide for concurrent sentences in every case. He further argued that NYPL § 70.20 is unconstitutional because it subjected him to double jeopardy. Petitioner also made passing references to NYPL §§ 70.30(1) and (2) regarding the time that a prison term is commenced.
On July 10, 1990, petitioner filed a third state habeas petition, this time in New York State Supreme Court, Washington County. In this state habeas petition, petitioner argued that the 1975 Amendments to NYPL §§ 70.20, 70.25, and 70.30 were unconstitutional in their application to his sentence. With respect to his § 70.30 claim, petitioner cited § 70.30(2)-a, which establishes when dual-jurisdiction concurrent and consecutive prison terms commence. The record fails to disclose that petitioner made any reference to § 70.30(l)(c) before the trial court. This latter subsection limits to thirty years the aggregate maximum term for consecutive sentences imposed for two or more felonies, where one of the crimes is a class B felony. See NYPL §§ 70.30(l)(c), (2)-a (McKinney 1987).
On April 5, 1991, the Washington County Supreme Court converted petitioner’s state habeas petition into an Article 78 proceeding and dismissed petitioner’s application. The trial court’s 20-page opinion made no reference to § 70.30(l)(c). Petitioner appealed this judgment, and his appeal referred to § 70.30(l)(c). On November 7,1991, the Appellate Division affirmed, noting that habeas relief was not available because petitioner’s right to release had not accrued. The court, however, noted in its dicta that petitioner’s “25-year New York prison sentence will not expire until 1999.” People ex rel. Mabery v. Leonardo, 177 A.D.2d 766, 766, 575 N.Y.S.2d 745, 745 (App.Div.3d Dep’t 1991). The New York Court of Appeals denied petitioner’s application for leave to appeal. People ex rel. Mabery v. Leonardo, 79 N.Y.2d 753, 589 N.E.2d 1263, 581 N.Y.S.2d 281 (1992).
Petitioner filed his final CPL § 440.20 motion on March 7, 1991. In that motion, he claimed, inter alia, that he had been denied due process of law and had been subjected to cruel and unusual punishment. Specifically, he argued that the New York court, in 1974, did not have the statutory authority to run his North Carolina and New York prison terms consecutively, as that authority was only granted in the 1975 Amendments to NYPL § 70.25. This motion was denied by the trial court on April 4, 1991. Leave to appeal was denied by the Appellate Division on August 20, 1991, and thereafter by the New York Court of Appeals on September 26,1991.
As will subsequently be discussed in greater detail, none of petitioner’s motions for resentencing under CPL § 440.20 made any reference to NYPL § 70.30(l)(c) before the trial court or made any claim that his aggregate maximum sentence should be limited to thirty years, in a manner that served to place the state courts on fair notice that § 70.30(l)(e) was at issue. In addition, no specific reference to § 70.30(l)(c) was made in three separate applications that the petitioner brought for a writ of error coram nobis, which were denied by the Supreme Court, Queens County, in 1982 and in 1987 respectively, and by the Appellate Division, Second Department, in 1990.
On February 21, 1992, petitioner filed his first federal habeas corpus petition in the United States District Court for the Eastern District of New York. Petitioner claimed, inter alia, that NYPL § 70.30(l)(c) should be applied to the calculation of his sentence, thereby limiting his aggregate maximum *197 sentence to thirty years running from 1972 when he began serving a sentence in North Carolina. He further asserted that the respondents should abide by the Appellate Division’s dicta in its 1991 decision which indicated that petitioner’s New York sentence would expire in 1999. Federal habeas relief was denied by another Judge of this court. Mabery v. Mann, No. 92 CV 975 (SJ), 1992 WL 333629 (E.D.N.Y. Oct. 29, 1992). In its decision, however, the court did not make any mention of NYPL § 70.30(l)(c).[2] The court subsequently denied petitioner’s application for a certificate of probable cause to appeal. Mabery v. Mann, No. 92 CV 975 (SJ), 1992 WL 373709 (E.D.N.Y. Dec. 1, 1992).
In 1993, New York State Supreme Court Justice Bradley dismissed petitioner’s CPLR Article 78 proceeding to compel DOCS to certify that petitioner was entitled to have 8]é years of good time credited to his prison sentence. Upon appeal, the Appellate Division further held that petitioner was not entitled to have his North Carolina and New York sentences run concurrently. Mabery v. Mann, 197 A.D.2d 736, 602 N.Y.S.2d 440 (App.Div.3d Dep’t 1993). The New York Court of Appeals dismissed petitioner’s application for leave to appeal on December 16, 1993. Mabery v. Mann, 82 N.Y.2d 888, 610 N.Y.S.2d 153, 632 N.E.2d 463 (1993).

DISCUSSION

Under 28 U.S.C. § 2254(b), “[a]n application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State.” 28 U.S.C. § 2254(b); see Rose v. Lundy, 455 U.S. 509, 510, 102 S.Ct. 1198, 1199, 71 L.Ed.2d 379 (1982); Blissett v. Lefevre, 924 F.2d 434, 438 (2d Cir.), cert. denied, 502 U.S. 852, 112 S.Ct. 158, 116 L.Ed.2d 123 (1991).
A petition containing both exhausted and unexhausted claims (a so-called mixed petition) generally must be dismissed in its entirety. See Rose, 455 U.S. at 510, 102 S.Ct. at 1199; Levine v. Comm’r of Correctional Servs., 44 F.3d 121, 124 (2d Cir.1995). Therefore, the procedural history of each of the claims asserted within the petition must be reviewed separately to determine whether the exhaustion requirement has been satisfied.
The Second Circuit Court of Appeals has formulated a two-prong test for determining whether an applicant for federal habeas relief has exhausted his state remedies. First, the petitioner must have “fairly presented” his federal claim to the state courts. See Daye v. Attorney Gen., 696 F.2d 186, 191 (2d Cir.1982) (en banc). To satisfy this requirement, the petitioner must demonstrate that he has informed the state courts of both the factual and the legal premises of the claim he now asserts in federal court. See id. No elaborate articulation of the claim is required; citation to the constitution or to state or federal cases that employ a constitutional analysis, couching the claim in terms “so particular as to call to mind a specific right protected by the Constitution,” or alleging facts that are “within the mainstream of constitutional litigation,” each suffice to alert the state court to the constitutional claim. Id. at 194; see id. at 191 (exhaustion doctrine not satisfied if legal basis of claim presented in federal habeas petition is “substantially different from that asserted in state court”); see Reid v. Senkowski, 961 F.2d 374, 376 (2d Cir.1992) (per curiam).
The second prong of this doctrine generally requires the applicant to utilize all available avenues of appellate review within the state-court system before proceeding to federal court. See Daye, 696 F.2d at 190. Typically, this criterion requires a direct appeal to the highest court of the state. See id. at 190-91 n. 3. This requirement, however, also may be satisfied where the applicant has collaterally attacked the judgment of conviction within the state courts, and thereafter has appealed the denial of his application to *198 the highest court of the state. See Lloyd v. Walker, 771 F.Supp. 570, 574 (E.D.N.Y.1991). Correlatively, where the claim was not properly raised on direct state appeal, a New York State petitioner must exhaust all extant post-judgment remedies available under CPL §§ 440.10 (motion to vacate judgment) and 440.20 (motion to set aside sentence). See Levine, 44 F.3d at 126; Bacchi v. Senkowski, 884 F.Supp. 724, 730-31 (E.D.N.Y.1995), aff'd, No. 95-2556, 1996 WL 219587 (2d Cir. Apr. 30,1996), petition for cert. filed, No. 96-5373 (U.S. July 29, 1996); see also 28 U.S.C. § 2254(c) (The exhaustion requirement is not met if the habeas petitioner “has the right under the law of the State to raise, by any available procedure, the question presented.”); cf 28 U.S.C. § 2254(b) (absence of available state corrective process constitutes exception to exhaustion requirement).
Although the respondent does not claim that the petitioner has failed to exhaust his NYPL § 70.30(l)(c) claim in the state courts, this Court now raises this issue sua sponte.[3] In Granberry v. Greer, 481 U.S. 129, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987), the Supreme Court held that where the government fails to raise the issue of exhaustion before a federal district court, an appellate court should determine whether the interests of comity and federalism would be better served by an immediate examination of the merits or by requiring petitioner to fully exhaust state remedies. See id. at 134, 107 S.Ct. at 1675; see also Washington v. James, 996 F.2d 1442, 1448-49 (2d Cir.1993) (court may raise procedural default issue sua sponte, and procedural default and exhaustion are related concepts stemming from similar policy concerns), cert. denied, 510 U.S. 1078, 114 S.Ct. 895, 127 L.Ed.2d 87 (1994); Gulliver v. Dalsheim, 687 F.2d 655, 657 n. 1 (2d Cir.1982). The Second Circuit Court of Appeals has applied the analysis of Granber-ry to the district courts, allowing them to consider the question of exhaustion sua sponte. See Plunkett v. Johnson, 828 F.2d 954, 956 (2d Cir.1987) (per curiam).
The Supreme Court in Granberry provided examples of when comity and federalism would require either a review of the merits of the unexhausted claim or the petition’s dismissal. If the case presented an “unresolved question of fact or of state law” which might have an important bearing on the ease, both comity and judicial efficiency should militate in favor of the petition’s dismissal to allow an exhaustion of state remedies. See Granberry, 481 U.S. at 134-35,107 S.Ct. at 1675. In the case at bar, the question of whether NYPL § 70.30(l)(c) applies to the calculation of petitioner’s sentence implicates substantial federal due process issues, which in the interest of comity, should first be fairly presented to the state courts before it may be considered by this Court.
Petitioner’s claim that NYPL § 70.30(l)(c) should be applied to the calculation of his sentence was not fairly presented to the state courts. In this regard, the Court recognizes that the petitioner tangentially addressed NYPL § 70.30(l)(c) — apparently for purposes of contrasting that statute with NYPL § 70.25 — in the reply brief that he filed with the New York Appellate Division, Third Department, on his appeal from the denial of his third CPL § 440 motion, which had been converted into an Article 78 proceeding. See Pet’r Supp. Traverse, App. V, at 2 (92 CV 975 (SJ)) (docket # 14) (Reply Brief on appeal of denial of Art. 78 petition to the N.Y.Sup.Ct.App.Div.3d Dep’t). The record fails to disclose, however, that petitioner raised his federal due process claim concerning NYPL § 70.30(l)(e) in the underlying Article 78 proceeding before the trial court. Indeed, the trial court’s comprehensive 20-page opinion does not cite this statute or refer to an analysis thereunder. See id. App. W (Memorandum Order of N.Y.Sup.Ct., County of Washington, Apr. 5,1991).
In addition, in the Court’s view, petitioner’s citation of NYPL § 70.30(2)-a in his 1990 state habeas corpus application did not serve to present the federal constitutional implications of his NYPL § 70.30(l)(c) claim to the state courts. The Court finds that the two statutes are not sufficiently similar to permit the § 70.30(l)(e) claim to be regarded *199 as exhausted. See Daye, 696 F.2d at 191-92. While NYPL § 70.30(2)-a addresses the commencement of dual-jurisdiction prison terms, § 70.30(l)(c) establishes a thirty-year aggregate maximum term for consecutive sentences imposed for two or more felonies, where one such crime is a class B felony. See NYPL §§ 70.30(2)-a, 70.30(l)(c) (McKinney 1987). The Court regards the contours of these claims to be sufficiently distinctive so as to require, in the interests of comity and federalism, the independent presentation of each claim to the New York courts.
Moreover, in view of the substantial number of legal analyses that NYPL § 70.30 embraces and petitioner’s principal reliance upon NYPL § 70.30(2)-a before the state courts, the Court regards petitioner’s generic incantation of NYPL § 70.30 to be insufficient to place the state courts on fair notice that petitioner was asserting claims under NYPL § 70.30(l)(c). Similarly, the Court is unable to conclude that petitioner’s citation of NYPL § 70.30(1) in his CPL § 440.20 motion that he filed in the Supreme Court of Queens County in November 1988 put the state courts on notice of the legal premises of a § 70.30(l)(e) claim. This conclusion follows because petitioner cited § 70.30(1) for the narrow proposition of establishing when a sentence commences, and not with respect to the aggregate maximum term thereof. Accordingly, the instant petition must be dismissed to permit an exhaustion of state remedies.[4]
The Court observes that it would not be futile for the petitioner to bring his § 70.30(l)(c) claim before the state courts at this point in time. Indeed, a motion to set aside a sentence under CPL § 440.20 may be brought despite petitioner’s failure to raise the underlying claim concerning the sentence on direct appeal.[5] See Levine, 44 F.3d at 126. Therefore, petitioner may not assert the futility of his unexhausted claim to avoid the dismissal of his mixed petition pursuant to Rose v. Lundy.

CONCLUSION

For the foregoing reasons, petitioner’s application for a writ of habeas corpus is denied and the petition is dismissed. Such dismissal shall be without prejudice to file a second amended petition, within 60 days hereof, which the petitioner may accomplish either by withdrawing his claims based upon NYPL § 70.30(l)(c), or by documenting his exhaustion thereof, including any purported presentation of such claims to the Supreme Court of Washington County on the CPL § 440 motion that he filed in 1990.
SO ORDERED.

. Petitioner robbed a Queens County woman at gunpoint, forced her into her car and drove with her to New Jersey. After the victim escaped, petitioner continued in his victim's car to North Carolina. Shortly after arriving in North Carolina, petitioner was indicted on charges of kidnapping and rape. See Mabery v. Mann, No. 92 CV 975 (SJ), 1992 WL 333629, at *1 (E.D.N.Y. Oct. 29, 1992).

. Petitioner incorrectly denominated this section as “70.30(c)” in his prior federal habeas petition. See Pet., Allegation 1, at 4 (92 CV 975 (SJ)). The analysis accompanying that citation, however, specifically employed the statutory language of NYPL § 70.30(l)(c). See id.; see also Pet'r Letter to the Court (92 CV 975 (SJ) Dec. 1, 1992) (specifically citing NYPL § 70.30(l)(c)). Accordingly, these circumstances weigh strongly against the respondent’s request that this Court invoke the abuse-of-the-writ doctrine to dismiss the instant petition.

. The Court notes that respondent argued, on petitioner's first federal habeas petition, that petitioner failed to exhaust his state court remedies, but that such contention was rejected by the court. See Mabery v. Mann, No. 92 CV 975 (SJ), 1992 WL 333629, at *4 & n. 5 (E.D.N.Y. Oct. 29, 1992).

. The Court notes that to the extent that petitioner’s ineffective-assistance-of-counsel claim may be based upon his counsel’s failure to present a NYPL § 70.30(l)(c) claim to the state courts, such claim similarly is unexhausted.

. This is in contrast to claims brought under CPL § 440.10 that attack the conviction apart from the sentence. As to claims brought under § 440.10, a state court on habeas review is prohibited from addressing the merits of a claim that is procedurally barred. See CPL § 440.10(2)(c) (McKinney 1994).