■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRENCE HILL, Appellant. [622 NYS2d 593] —Appeals by the defendant from two judgments of the County Court, Nassau County (Orenstein, J.), both rendered November 22, 1993, convicting him, under Indictment No. 80414, of robbery in the first degree and, under Indictment No. 81822, of attempted robbery in the first degree, upon his pleas of guilty, and imposing sentences. The appeals bring up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and his statements to law enforcement authorities.

Ordered that the judgments are affirmed.

A Nassau County detective who was investigating a series of robberies learned of a robbery in Suffolk County that fit the same pattern. The license plate number of the vehicle used in the Suffolk County robbery was traced to the defendant's Cadillac. Upon discovering that the defendant was on parole for a robbery conviction, the detective obtained his photograph for a photographic array. One of the Nassau County robbery victims positively identified the defendant in the array, and another victim made a tentative identification of the defendant. Two days later, the police stopped the defendant while he was driving the Cadillac and arrested him.

We agree with the hearing court's determination that the police had probable cause to arrest the defendant based on the similarities in the various robberies, the connection between

his vehicle and one of the robberies, and the identification of the defendant in the photographic array (see, People v Johnson, 66 NY2d 398, 402; People v Higgins, 178 AD2d 199; People v Rivera, 176 AD2d 446; People v Montanez, 151 AD2d 616).

The defendant contends that a credit card receipt implicating him in a Suffolk County robbery was obtained through an impermissible inventory search of the Cadillac and that, as a consequence, the statements he made when confronted with that receipt should be suppressed. The record supports the hearing court's determination that an inventory search of his vehicle was not conducted; therefore, the concerns in People v Galak (80 NY2d 715) are not implicated. The evidence established that the receipt was found in plain view by the detective who drove the defendant's vehicle to the police station after his arrest (see, People v Diaz, 81 NY2d 106, 110).

We have examined the defendant's remaining contentions and find them to be without merit. Miller, J. P., O'Brien, Santucci and Florio, JJ., concur.