■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EVERAD SHOUDER, Appellant. [655 NYS2d 576] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Tisch, J.), rendered January 25, 1995, convicting him of murder in the second degree, robbery in the first degree (two counts) and unauthorized use of a motor vehicle, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his written and videotaped statements made to law enforcement authorities.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court correctly determined that his several written and videotaped statements to law enforcement authorities were not tainted by an arrest effected without probable cause *(see, People v Rosario,* 78 NY2d 583, *cert denied* 502 US 1109; *People v Hill,* 212 AD2d 632; *People v Mitchell,* 170 AD2d 542; *People v Green,* 157 AD2d 745; CPL 2.10 [23]; 140.25 [1] [b]), nor were they involuntarily made *(see, People v Huntley,* 15 NY2d 72; *People v Springer,* 221 AD2d 386; *People v Hill, supra).* Therefore, the statements were properly received into evidence at trial.

Similarly without merit is the defendant's claim that the County Court of Suffolk County lacked the geographical jurisdiction to hear those counts of the indictment involving a robbery and the defendant's unauthorized use of a vehicle in Nassau County. The defendant's theft of the vehicle in Nassau for the purpose of committing a robbery in Suffolk was clearly calculated to have a "particular effect" on the latter county (CPL 20.10 [4]; 20.40 [2] [c]; *Matter of Steingut v Gold,* 42 NY2d 311). Furthermore, the larceny of the car in Nassau continued into Suffolk and "it has long been held that one who steals property in one county and transports it into another can be prosecuted in either county" *(People v Danielson,* 184 AD2d 723, 724).

The defendant's remaining contentions are without merit. Sullivan, J. P., Santucci, Friedmann and McGinity, JJ., concur.