Robert VALENTINE, Petitioner,

v.

Daniel SENKOWSKI, Superintendent, Clinton Correctional Facility, et al., Respondents.

No. 97 Civil 1626(CLB).

United States District Court, S.D. New York.

June 10, 1997.

Robert Valentine, Clinton Correction Facility, Dannemora, NY, for Petitioner.

Attorney General of State of N.Y., Rockland County Dist. Atty., for Respondents.

## MEMORANDUM & ORDER

BRIEANT, District Judge.

By petition received by this Court on February 13, 1997, Petitioner Robert Valentine, a New York state prisoner, seeks habeas corpus relief pursuant to 28 U.S.C. § 2254 from his judgment of conviction entered in the Supreme Court of New York, Rockland County, on January 24, 1992, based on his plea of guilty pursuant to a plea agreement. This Court concludes that the Petition is not time-barred under 28 U.S.C. § 2244(d)(2) as amended April 26, 1996, but denies the petition on the merits.

Petitioner was convicted of the crimes of Criminal Possession of a Controlled Substance in the Second Degree and Grand Larceny in the Third Degree. In accordance with the terms of his plea agreement, Petitioner was sentenced to a prison term of eight and one-third years to life, which he is currently serving. A civil penalty in the amount of $152 and restitution of $4,300 was also assessed. Petitioner is currently incarcerated at Clinton Correctional Facility in Dannemora, New York.

Petitioner's direct appeal was deemed withdrawn by the Appellate Division of the Supreme Court of New York on January 20, 1993, following submission of papers by petitioner's attorney and having no papers filed in opposition or in relation thereto. A coram nobis motion by the appellant to vacate the decision and reinstate the appeal, to vacate the sentences imposed and for leave to have new counsel assigned to prosecute such appeal was denied on November 21, 1996. *People v. Valentine.* An application by the defendant-appellant for a certificate to appeal to the State of New York Court of Appeals pursuant to Section 460.20 of the New York Criminal Procedure Law was denied on December 12, 1996, *People v. Valentine,* 89 N.Y.2d 931, 654 N.Y.S.2d 733, 677 N.E.2d 305 (1996). Mr. Valentine thereafter filed this petition for a writ of habeas corpus.

The claim is not barred by the one-year limitation period established in 28 U.S.C. § 2244(d)(1). While 28 U.S.C. § 2244(d)(1), as amended April 26, 1996, prescribes a "1–year period of limitation" for an application for a writ of habeas corpus, "by a person in custody pursuant to the judgment of a state court," section 2244(d)(2) tolls the limitations period during "the time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."

Our Court of Appeals has concluded that a state inmate is entitled to a "reasonable time" after April 24, 1996 as a grace period to file his federal petition without application of the new limitations period standards. *Peterson v. Demskie,* 107 F.3d 92 (2nd Cir. 1997). The New York State *coram nobis* petition was filed on August 15, 1996, less than four months after the enactment of the new federal statute of limitations. Under *Peterson* this was reasonable in light of the facts of this case and the *pro se* nature of petitioner's representation. Once petitioner filed his coram nobis petition, which was timely under state law, and sought to file a timely appeal from its denial, the 1–year period of limitation prescribed by 28 U.S.C. § 2244(d)(1) did not begin to run again, in light of the provisions in subparagraph (2), until leave to file that appeal was denied by the New York Court of Appeals on December 12, 1996.

Title 28 U.S.C. § 2244(d)(2) provides in relevant part that "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect

to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." It is clear both from the plain meaning of the statute and the legislative history of the Act which imposed the new standard (the Antiterrorism and Effective Death Penalty Act of 1996) that the 1–year period of limitations does not begin to run until after direct review has been completed and state post-conviction review has been exhausted. According to the House of Representatives Judiciary Committee, the purpose of the habeas corpus reform is to "curb the lengthy delays in filing that now often occur in federal habeas corpus litigation, while preserving the availability of review when a prisoner diligently pursues state remedies and applies for federal habeas review in a timely manner." H.Rep. No. 104–23 at 29. Regardless of the overall time that passed since his conviction, Mr. Valentine filed his federal habeas corpus petition less than a year after his leave to appeal the denial of the coram nobis was denied. Accordingly, this petition is not time-barred and this Court considers the merits.

The practical effect of this conclusion may be that a post-conviction state remedy, which may be filed at any time, will be used to revive a right to federal relief which otherwise would be time barred by the lapse of one year following direct appeal, thus evading the intent of the new law. However, this Court assumes that such a petition, although always timely, must also be non-frivolous in order to be "properly filed" within subparagraph (2).

Petitioner claims that the convictions and sentences under which he is imprisoned are unlawful and void because petitioner was deprived of his right to direct review on appeal when his assigned counsel moved to dismiss his appeal without filing a constitutionally required *Anders* brief. *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) (where the Court held that a request for permission to withdraw an appeal must be accompanied by a brief referring to any issues in the record that could arguably support the appeal). Further, petitioner asserts that the signed waiver which appellate coun-

sel submitted in support of his application to dismiss the appeal was not knowingly and intelligently signed by the petitioner, due to petitioner's mental illness.

According to the relevant portion of Title 28 U.S.C. § 2254(d)(2), an application for a writ of habeas corpus "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim . . . resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." Petitioner received an adjudication on the merits of the factual issues concerning his claim of ineffective assistance of counsel in the coram nobis proceedings. A review of the state court judgment demonstrates that the determination was reasonable in light of the evidence presented in the coram nobis proceeding. Petitioner has not satisfied the burden of rebutting the presumption of correctness of that decision by clear and convincing evidence. *Id.* at § 2254(e)(1).

Accordingly, the petition is denied.

The clerk shall file a final judgment.

SO ORDERED.