MEMORANDUM AND ORDER
 

 WEXLER, District Judge.
 

 Terrence Hill petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1993 state court convictions of robbery in the first degree and attempted robbery in the first degree. For the reasons discussed below, the petition is dismissed as untimely under the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (“AEDPA”), Pub.L. No. 104-132, 110 Stat. 1214 (1996), codified in pertinent part at 28 U.S.C. § 2244(d)(1).
 

 FACTS
 

 On November 22, 1993, upon his pleas of guilty, petitioner was convicted in the County Court of Suffolk County, on charges of robbery in the first degree and attempted robbery in the first degree. On February 14, 1995, this conviction was affirmed by the Appellate Division.
 
 See People v. Hill,
 
 212 A.D.2d 632, 622 N.Y.S.2d 593 (2d Dep’t 1995). On April 26, 1995, the Court of Appeals denied leave to appeal, thus ending Hill’s chain of direct appeals.
 
 See People v. Hill,
 
 85 N.Y.2d 939, 627 N.Y.S.2d 1001, 651 N.E.2d 926 (1995). On or about July 20, 1995, Hill moved for a writ of error eoram nobis to vacate the Appellate Division’s order of February 14, 1995, alleging the ineffective assistance of appellate counsel. On October 23, 1995, the Appellate Division denied Hill’s motion.
 
 People v. Hill,
 
 220 A.D.2d 686, 632 N.Y.S.2d 977 (2d Dep’t 1995). On or about July 11, 1996, Hill filed in the Appellate Division a motion for reargument of his appeal. The Appellate Division denied his motion on October 31,1996.
 

 Aso on or about July 20, 1995, Hill brought a collateral attack on his conviction pursuant to Criminal Procedure Law § 440.10, alleging the ineffective assistance of counsel, but relying solely on facts on the record of the trial court proceeding. The trial court denied the motion on December 5, 1995. On April 10, 1996, the Appellate Division denied Hill’s motion for permission to appeal the trial court’s order. The instant petition was filed in this Court on May 2, 1997, Hill having handed the petition to prison authorities for filing on April 17, 1997. Respondent contends,
 
 inter alia,
 
 that the petition is untimely under the AEDPA.
 

 DISCUSSION
 

 On April 24,1996, the AEDPA became law when it was signed by President Clinton. The AEDPA instituted a one-year statute of limitations for state prisoners seeking habeas relief, stating as pertinent to this case:
 

 A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from ... (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. ... or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
 

 28 U.S.C. § 2244(d)(1). Direct review of Hill’s convictions concluded on April 26,1995, nearly one year prior to the enactment of the AEDPA with its one-year limitations period.
 

 The AEDPA’s limitations provision is, in some circumstances, subject to a tolling provision: the “time during which a
 
 properly filed,
 
 application for State post-conviction or other collateral review ... is pending shall not be counted toward any period of limitation.”
 
 See
 
 28 U.S.C. § 2244(d)(2) (emphasis added). Hill’s July 20, 1995 petition for collateral relief from his convictions pursuant to CPL § 440.10(1) was not properly filed because it relied solely on record facts. Under New York law, a defendant is procedurally barred from moving to vacate a judgment of conviction under § 440.10(1) when he could have raised his claims on direct appeal.
 
 See
 
 
 *159
 
 CPL § 440.10(2)(c);
 
 Mabery v. Keane,
 
 939 F.Supp. 193, 199 n. 5 (E.D.N.Y.1996);
 
 Bacchi v. Senkowski,
 
 884 F.Supp. 724, 731 (E.D.N.Y. 1995),
 
 aff'd
 
 101 F.3d 683 (2d Cir.),
 
 cert. denied,
 
 — U.S. -, 117 S.Ct. 237, 136 L.Ed.2d 167 (1996). A petitioner, however, cannot evade the AEDPA’s limitations period simply by filing proeedurally barred motions.
 
 See Valentine v. Senkowski,
 
 966 F.Supp. 239, 241 (S.D.N.Y.1997) (CPL § 440.10 motion must be “non-frivolous” in order to be “properly filed” within the meaning of § 2244(d)(2)). Similarly, Hill’s motion, dated July 11, 1996, to the Appellate Division for reargument of his appeal was not properly filed because it was untimely. Under the Appellate Division’s rules, a motion for rear-gument must be made within 30 days of the decision unless good cause is shown. 22 N.Y.C.R.R. § 670.6[a], Hill did not file for reargument until some seventeen months after the appeal had been decided nor did he attempt to show good cause for the delay.
 

 As for Hill’s July 20, 1995 application for a writ of eoram nobis seeking to vacate the Appellate Division’s order affirming the judgment of conviction, that application was denied on October 23,1995, some six months prior to the AEDPA’s enactment and nearly 18 months before the instant petition was filed. Consequently, this collateral attack cannot serve to extend the limitations period.
 

 Where, as here, a state prisoner’s time to file under § 2244(d)(1) would expire before or shortly after the effective date of the AEDPA and its one-year limitations period, the Second Circuit has afforded state prisoners a “reasonable time” to file their petition after the enactment date.
 
 See Peterson v. Demskie,
 
 107 F.3d 92, 93 (2d Cir.1997). In the case of incarcerated pro se litigants, a petition is deemed filed on the date that the petition and accompanying papers are handed to prison authorities for filing.
 
 Houston v. Lack,
 
 487 U.S. 266, 271-72, 108 S.Ct. 2379, 2382-83, 101 L.Ed.2d 245 (1988). Here, the petition was turned over to prison authorities on April 17, 1997, some 358 days after the AEDPA’s enactment. Hill offers no persuasive reason why he could not have filed the petition earlier.
 

 Hill exhausted his direct appeals on April 26, 1995. He could have filed his habeas petition at any time thereafter. Once the AEDPA became effective on April 24, 1996, Hill had a reasonable time in which to file. Instead, he waited nearly a year to do so. The Court finds that the instant petition was not filed within “a reasonable time” within the meaning of the AEDPA as construed in
 
 Peterson. Accord Reese v. Greiner,
 
 No. 97-5622, 1997 WL 694716, at *2 (S.D.N.Y. Nov. 6,1997) (petition untimely when filed “almost one year after effective date of AEDPA”);
 
 Reid v. Greiner,
 
 No. 97-1852, 1997 WL 694723, at *2 (S.D.N.Y. Nov.3, 1997) (filing 341 days after effective date untimely);
 
 Santana v. United States,
 
 982 F.Supp 942, 944-45 (S.D.N.Y. 1997) (306 days);
 
 Avincola v. Stinson,
 
 No. 97-1132,1997 WL 681311, at *2 (S.D.N.Y. Oct.31, 1997) (266 days);
 
 Garcia v. New York State Dep’t of Correctional Servs.,
 
 No. 97-3867, 1997 WL 681313, at *2 (S.D.N.Y. Oct. 31, 1997) (350 days);
 
 Roldan v. Artuz,
 
 976 F.Supp 251, 253 (S.D.N.Y.1997) (328 days);
 
 Morales v. Portuondo,
 
 No. 97-2559, 1997 WL 433478, at *2 (S.D.N.Y. Aug.1, 1997) (335 days).
 

 CONCLUSION
 

 For the foregoing reasons, the habeas petition is dismissed. Given that the petition is time-barred, the merits of petitioner’s claims need not be addressed. The Clerk of the Court is directed to close the case.
 

 SO ORDERED.