**UNITED STATES EX REL. Derrick MORGAN, Petitioner,**

v.

**Jerry GILMORE, Respondent.**

No. 97 C 4771.

United States District Court,
N.D. Illinois.
Eastern Division.

June 29, 1998.

Derrick Morgan, Menard, IL, pro se.

Catherine F. Glenn, Stephen F. Potts, Illinois Atty. General's Office, Chicago, IL, for respondent.

### MEMORANDUM OPINION AND ORDER

MANNING, District Judge.

Petitioner Derrick Morgan has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent Jerry Gilmore seeks to dismiss Morgan's § 2254 petition, contending that it is untimely because the tolling provisions in 28 U.S.C. § 2254(d) do not apply to the time during which a state post-conviction proceeding is on appeal to the Illinois Appellate Court or the Illinois Supreme Court.[1] For the reasons discussed below, the court finds that Morgan's petition is not time-barred, and orders the respondent to file an answer to Morgan's petition by July 24, 1998.

### Background

The fate of Morgan's § 2254 petition turns on whether certain state post-conviction filings tolled the one-year time period in which he could file a request for relief under § 2254. See 28 U.S.C. § 2244(d)(1)(A). For the purposes of this inquiry, the relevant factual background thus consists of a number of dates. The deadline for filing a petition for leave to appeal in Morgan's direct appeal was July 11, 1995. Eight days later, the clock stopped on July 19, 1995 when Morgan filed a state post-conviction petition (Morgan filed an identical petition on July 25, 1995, which did not affect the tolling of the limitations period). The state court denied the post-conviction petitions on September 15, 1995.

On September 18, 1995, Morgan filed his notice of appeal with the Illinois Appellate Court. The appellate court affirmed the denial of collateral relief on June 11, 1996. On January 9, 1997, Morgan filed a motion seeking leave to file a late petition for leave to appeal to the Illinois Supreme Court. The record does not contain an order from the Illinois Supreme Court addressing this motion. The Illinois Supreme Court appears to have granted this request, however, as Morgan filed a petition for leave to appeal with the Illinois Supreme Court on April 3, 1997, which was denied on June 4, 1997.

Morgan filed another state post-conviction petition on November 14, 1995, which was dismissed on January 26, 1996 as "frivolous and patently without merit." Morgan filed a notice of appeal with the Illinois Appellate Court on February 13, 1996. The appellate court affirmed the dismissal of Morgan's petition on July 30, 1996, finding that it was procedurally barred. Nevertheless, the appellate court reached the merits of Morgan's arguments in the alternative. Morgan did not file a petition for leave to appeal with the Illinois Supreme Court.

On July 3, 1997, the clerk of this court received Morgan's § 2254 petition and a motion for leave to proceed in forma pauperis. The court granted Morgan's motion for leave to proceed in forma pauperis on July 11, 1997.

The respondent contends that the one year limitations period began to run on September 15, 1995 (when the state court denied Morgan's first two post-conviction petitions), arguing that § 2244(d)(2) only tolls the time during which the trial court is considering a post-conviction petition. Based on this interpretation of § 2244(d)(2), the respondent argues that Morgan's petition is time-barred because the time during which appeals from the denial of post-conviction relief are pending does not toll the one year limitations period.[2]

---

1. Morgan originally named Jerry Gilmore as the respondent in this action. Morgan, however, is currently in the custody of Thomas Page, of the Menard Correctional Center. Accordingly, the proper respondent in this action is Thomas Page. See Rule 2(a) of the Rules Governing § 2254 Cases in the United States District Courts. Thomas Page is, therefore, substituted for Jerry Gilmore. See Fed.R.Civ.P. 25.

2. Counsel for the respondent appears to have abandoned this position in subsequent cases. See U.S. ex rel. Sanchez v. Gramley, No. 97 C 6334, 1998 WL 42315 *2 n. 4 (N.D.Ill. Jan. 26, 1998).

## Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub.L. 104–132, 100 Stat. 1214, applies to this case because Morgan filed his § 2254 petition after April 24, 1996. *Lindh v. Murphy,* 521 U.S. 320, ——, 117 S.Ct. 2059, 2068, 138 L.Ed.2d 481 (1997). With limited exceptions, a prisoner seeking a writ of habeas corpus must submit his petition no more than one year after the judgment against him becomes final. *See* 28 U.S.C. § 2244(d), as amended by the AEDPA. The parameters of the one-year filing rule are important in this case because Morgan filed his § 2254 petition with this court after the one-year grace period recognized by the Supreme Court in *Lindh v. Murphy,* 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Section 2244(d) provides, in pertinent part, that:

(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

### Did Morgan's State Court Appeals Toll the Limitations Period?

■ The respondent contends that the time spent pursuing unsuccessful state court appeals should not toll the limitations period and urges the court to start the one-year clock as of the date that the state trial court renders a decision. This argument is patently meritless. Principles of comity require this court to afford the state courts an opportunity to consider a petitioner's claims before the petitioner presents those claims to this court. *Coleman v. Thompson,* 501 U.S. 722, 731, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

This court also declines to adopt an interpretation of the AEDPA that would require a petitioner to file a § 2254 petition before he exhausted his state remedies. *See U.S. ex rel. Vaughn v. McVicar,* No. 97 C 4197, 1998 WL 26162 *2 (N.D.Ill. Jan. 21, 1998) (limitations period begins to run when the petitioner finished or could no longer pursue his petition for post-conviction relief); *Cox v. Angelone,* No. Civ. A 3:97CV925, 997 F.Supp. 740, 742, 1998 WL 116266 (E.D.Va.1998), *quoting Valentine v. Senkowski,* 966 F.Supp. 239, 241 (S.D.N.Y.1997) ("It is clear both from the plain meaning of the statute and the legislative history of the Act which imposed the new standard ... that the 1–year period of limitations does not begin to run until after direct review has been completed and state post-conviction review has been exhausted.")

Accordingly, the court finds that time spent pursuing state court appeals is within the ambit of § 2244(d)(2)'s tolling provision. The court's consideration of § 2244(d)(2), however, does not end with the respondent's tolling argument. Morgan's § 2254 petition raises two additional questions about the scope of § 2244(d)(2): (1) does an untimely petition for leave to appeal toll the one year limitations period; and (2) should the court determine whether a second or successive state post-conviction petition is frivolous when deciding whether that petition tolls the limitations period? For the reasons below, the court finds that the answer to both ques-

tions is no. In light of the timing of Morgan's state court post-conviction petitions, this means that his § 2254 petition is timely.

### Did Morgan's First Petitions Toll the Limitations Period?

■ The court first considers Morgan's original two state post-conviction petitions. The Illinois Appellate Court denied these petitions on June 11, 1996. Twenty-one days thereafter – Tuesday, July 2, 1996—Morgan's petition for leave to appeal was due. ILCS S.Ct. Rule 315(b).[3] On January 9, 1997, well after the twenty-one day appeal period had passed, Morgan sought permission to file a late petition for leave to appeal pursuant to Illinois Supreme Court Rule 315(b), explaining that his correctional facility had been on lock-down. As previously noted, Morgan appears to have received permission to file an untimely petition for leave to appeal.

Importantly, however, 28 U.S.C. § 2244(d)(2) only tolls the AEDPA's one year limitations period for "the time during which a properly filed application" for state post-conviction relief is pending. "[A] 'properly filed application' is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." *Lovasz v. Vaughn,* 134 F.3d 146, 147 (3d Cir.1998). Here, Morgan clearly did not submit his petition for leave to appeal within the twenty-one day time limit prescribed by the Illinois Supreme Court Rule 315(b). Thus, his petition for leave to appeal was not "properly filed" under § 2244(d)(2).

The fact that the Illinois Supreme Court Rules permit the filing of requests for an extension of the appeal period does not alter this conclusion. *See* ILCS S.Ct. Rule 606(c).[4] It is true that this rule provides that motions for leave to file an untimely petition for leave to appeal will be entertained. However, this does not transform Morgan's April 3, 1997 petition for leave to appeal into a "properly filed" application for state post-conviction relief. If so, habeas petitioners would be able to obtain extensions of the limitations period simply by filing, at their discretion, motions for leave to file a late petition for leave to appeal. *Cf. Freeman v. Page,* No. 97 C 4705, 1998 WL 171822 *3 (N.D.Ill. Apr. 10, 1998) (motion for leave to file a late notice of appeal did not extend the limitations period where the petitioner sought to take a second appeal to obtain review of an issue not raised in his original petition for leave to appeal).

■ The court also does not believe that § 2244(d)(1)(B) saves Morgan. This section provides that the one year period shall run from the latest of several dates, including "the date on which the impediment to filing an application created by State action in

---

**3.** Illinois Supreme Court Rule 315(b), entitled "Time; Contents" provides, in pertinent part, that:

> Unless a timely petition for rehearing is filed in the Appellate Court, a party seeking leave to appeal must file the petition for leave in the Supreme Court within 21 days after entry of the judgment of the Appellate Court, or within the same 21 days file with the Appellate Court an affidavit of intent to file a petition for leave, and file the petition within 35 days after the entry of such judgment. If a timely petition for rehearing is filed, the party seeking review must file the petition for leave to appeal within 21 days after the entry of the order denying the petition for rehearing, or within the same 21 days must file with the Appellate Court an affidavit of intent to file a petition, and file the petition within 35 days after entry of such order. If a petition is granted, the petition for leave to appeal must be filed within 21 days of the entry of the judgment on rehearing, or if within the same 21 days an affidavit of intent is filed with the Appellate Court, then within 35

days after the entry of such judgment. The Supreme Court, or a judge thereof, on motion, may extend the time for petitioning for leave to appeal, but such motions are not favored and will be allowed only in the most extreme and compelling circumstances.

**4.** Rule 606(c) is entitled "Extension of Time in Certain Circumstances" and provides that:

> On motion supported by a showing of reasonable excuse for failing to file a notice of appeal on time filed in the reviewing court within 30 days of the expiration of the time for filing the notice of appeal, or on motion supported by a showing by affidavit that there is merit to the appeal and that the failure to file a notice of appeal on time was not due to appellant's culpable negligence, filed in the reviewing court within six months of the expiration of the time for filing the notice of appeal, in either case accompanied by the proposed notice of appeal, the reviewing court may grant leave to appeal and order the clerk to transmit the notice of appeal to the trial court for filing.

violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." In his petition for leave to appeal, filed with the Illinois Supreme Court on January 9, 1997, Morgan states that the Pontiac Correctional Center was on lock-down from January of 1996, continuing through the date of his motion. Even if the court assumes that the lock-down constitutes state action, it did not prevent Morgan from filing "an application." It also did not prevent him from filing a motion for an extension of time within the twenty-one day appeal period, as access to the law library would not preclude him from preparing such a motion. *See generally U.S. ex rel. Freeman v. Page,* 1998 WL 171822 at *4–6 ("there is no statutory authority allowing inmates to overcome the one-year limitations period solely because of administrative difficulties").

Thus, Morgan's failure to file a petition for leave to appeal by July 2, 1996, when it was due, or to seek an extension within that twenty-one day period, caused the AEDPA's one year clock to begin running. The clock stopped on July 1, 1997, when Morgan's § 2254 petition was due.[5] Even if the court considers Morgan's § 2254 petition filed as of July 3, 1997, when the clerk of this court received the petition and a motion for leave to proceed in forma pauperis (as opposed to July 11, 1997, when the court granted Morgan's motion for leave to proceed in forma pauperis), Morgan's § 2254 petition vis-a-vis his original two state post-conviction petitions thus is untimely.

■ The court notes that it used the best-case-scenario date of July 3, 1997 for the purposes of discussion rather than an earlier date, despite the fact that Morgan is incarcerated. Under the mailbox rule of *Houston v. Lack,* 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), a prisoner is deemed to have filed a notice of appeal at the moment he delivers it to prison authorities with proper postage. This rule applies to § 2254 petitions. *U.S. ex rel. Gonzalez v. DeTella,* No.

97 C 5586, 1998 WL 289757, 6 F.Supp.2d 780, 781 (N.D.Ill.1998) (collecting cases holding that the mailbox rule applies to § 2254 petitions); *but see U.S. ex rel. Banks v. Barnett,* No. 98 C 3388, 1997 WL 786666 (N.D.Ill. Dec.15, 1997).

Morgan has failed to provide the court with any evidence regarding the date that he delivered his § 2254 petition to prison officials for mailing. Indeed, his § 2254 petition is neither signed nor dated. Given that the clerk's office in Chicago, Illinois received Morgan's petition on July 3, it appears likely that Morgan tendered it for filing in Pontiac, Illinois on or before July 1. Morgan's petition, however, contains no information regarding how and when he sent his petition. As Morgan's petition is timely for an entirely different reason, discussed below, the court will not further consider whether the closeness of these dates means that Morgan's petition is timely under *Houston.*

### *Did Morgan's Second Petition Toll the Limitations Period?*

■ The court next turns to whether Morgan's second request for state post-conviction relief (which actually is his third request, as Morgan filed two identical petitions when he originally sought state post-conviction relief) tolls the one year filing period in § 2244. As noted above, Morgan filed his second request for state post-conviction relief on November 14, 1995, and the trial court subsequently dismissed it on January 26, 1996 as "frivolous and patently without merit." The appellate court issued an order affirming the trial court on July 30, 1996, and Morgan did not seek leave to appeal to the Illinois Supreme Court.

If this second post-conviction petition was "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2), the one year clock began ticking again twenty-one days after July 30, 1996. Given that the clock had stopped on July 19, 1995 (when Morgan filed his first state post-conviction petition) with only eight

---

5. The court notes that it calculated the one-year as ending on July 1 by starting at July 2, 1996. The court did not exclude July 2 as the Seventh Circuit used this method in calculating the one-year grace period under the AEDPA in *Lindh v.*

*Murphy,* 96 F.3d 856, 865–66 (7th Cir.1996), *rev'd on other grounds,* 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). *See U.S. ex rel. Barnes v. Gilmore,* 980 F.Supp. 295, 296 n. 2 (N.D.Ill.1997).

days counted against Morgan, this would mean that his present § 2254 petition was filed within one year and thus would be timely. Resolution of this issue turns on whether it is proper to examine the merits of Morgan's second post-conviction petition when determining whether his petition was "properly filed." The Seventh Circuit has not yet addressed the scope of the phrase "properly filed." Other courts addressing this issue have reached differing results.

The majority of courts considering this issue have held that a petition is "properly filed" if it complies with state procedural requirements, and that a petition can thus be both frivolous and "properly filed." For example, in *Figueroa v. Kelly*, No. 97 C 3394, 1997 WL 833448 (E.D.N.Y. Dec.19, 1997), the court was confronted with multiple state post-conviction petitions. The court rejected the respondent's claim that the successive post-conviction petitions did not toll the limitations period in § 2244(d)(2), and held that the "properly filed" requirement refers to state procedural requirements, such as notice to the respondent, correct place of filing, and timeliness, as opposed to the merits of the petition. *Id.* at *4.

The *Figueroa* court also noted that the petitioner could have obtained some relief from the state court because that court was empowered to grant the petitioner relief. *Id.* Thus, it concluded that the petition was "properly filed" under § 2244(d)(2). *Accord Lovasz v. Vaughn*, 134 F.3d at 149 (if a post-conviction is filed properly under state procedural law, courts should not consider the petition's merits when determining if the petition was "properly filed"); *Samuels v. Artuz*, No. CV-97-2928, 1997 WL 803772 (E.D.N.Y. Dec.5, 1997) ("to trigger the tolling mechanism, a petitioner's collateral review application must be submitted in accordance with any applicable procedural requirements"); *Hughes v. Irvin*, 967 F.Supp. 775 (E.D.N.Y.1997) (same).

Other courts have recognized that, if the merits of a successive state post-conviction petition do not affect whether it is "properly filed," a petitioner could use successive petitions to manipulate the one year limitations period. For example, in *Valentine v. Senkowski*, 966 F.Supp. 239, 241 (S.D.N.Y.1997), the court noted that "a post-conviction state remedy, which may be filed at any time, [may] be used to revive a right to federal relief which otherwise would be time barred by the lapse of one year following direct appeal, thus evading the intent of the new law." To prevent the circumvention of the one year limitations period, the *Valentine* court held that post-conviction petitions must be non-frivolous to be "properly filed" under § 2244(d)(2). *Id.*

Similarly, in *Hill v. Keane*, 984 F.Supp. 157, 158–59 (E.D.N.Y.1997), the petitioner filed a state post-conviction petition raising claims that could have been raised on direct appeal. The court noted that state law barred petitions raising these types of claims and held that the petition thus was not "properly filed," explaining that a petitioner "cannot evade the AEDPA's limitations period simply by filing procedurally barred motions." *Id.*

This court finds the reasoning in *Valentine* and *Hill* persuasive, but sides with the majority. As noted by the minority courts, it is difficult to see how a procedurally barred post-conviction petition could be "properly filed." The Illinois Post–Conviction Act "contemplates the filing of only one petition and 'a ruling on a post-conviction petition has res judicata effect with respect to all claims that were raised or could have been raised in the initial petition.'" *People v. Caballero*, 179 Ill.2d 205, 211, 227 Ill.Dec. 965, 688 N.E.2d 658, 661 (Ill.1997), *quoting People v. Free*, 122 Ill.2d 367, 375–76, 119 Ill.Dec. 325, 522 N.E.2d 1184 (Ill.1988). Thus, the Illinois Supreme Court has held that:

> The filing of successive post-conviction petitions sets up two competing interests. On the one hand, there is the State's interest in providing a forum for the vindication of the petitioner's constitutional rights. On the other hand, the State has a legitimate interest in the finality of criminal litigation and judgments.... Where, however, the claimed error is one which could not have been presented in an earlier proceeding, procedural bars may be ineffectual in bringing about that finality which ordinarily follows direct appeal and the first post-conviction proceeding. In such cases, there is the potential that a

second or subsequent post-conviction petition may be filed.

*People v. Caballero,* 179 Ill.2d at 211–12, 227 Ill.Dec. 965, 688 N.E.2d at 661, *quoting People v. Flores,* 153 Ill.2d 264, 274–75, 180 Ill.Dec. 1, 606 N.E.2d 1078 (Ill.1992).

Here, Morgan's second post-conviction proceeding raised a single issue – Morgan's trial counsel was ineffective because he refused to allow him to testify despite his desire to do so. Morgan's explanation for not raising this argument in his first petition is that he did not learn that his "post-conviction petition had never been filed until June, 1995." (affidavit in support of state post-conviction petition at ¶ 5). This contention is inconsistent with the fact that his first petitions were filed pro se. *People v. Morgan,* No. 1–95–3831, 281 Ill.App.3d 1130, 233 Ill. Dec. 771, 701 N.E.2d 836 (1st Dist.1996) (unpublished order). Thus, under well established Illinois law, it was clear that, from the moment that Morgan's second petition was filed, his ineffective assistance argument was procedurally barred.

Courts who examine procedural filing requirements, as opposed to the merits, do so to promote certainty in calculating the limitations period. *See, e.g., Hughes v. Irvin,* 967 F.Supp. at 779 (noting that it is unclear at what point the petitioner's successive state post-conviction petition no longer qualified as "properly filed": when the petition was filed, when the trial court dismissed it, when the appellate court reversed and remanded, or when the trial court found that a document underlying the petition was not authentic); *Lovasz v. Vaughn,* 134 F.3d at 148 ("a rule requiring an inquiry into the merits of a second or subsequent [post-conviction petition] in order to determine if it was properly filed could become problematic.")

In this case, even without the 20/20 hindsight provided by the Illinois court's finding to this effect, it is abundantly clear, as of the time that Morgan filed his second state post-conviction petition, that the petition was procedurally barred. The one-year limitations provision in the AEDPA would be emasculated if this kind of request for state post-conviction relief tolled the limitations period. Such a rule would allow petitioners to obtain an extension at will, simply by filing a frivolous second post-conviction petition before

the one year period ran. This conclusion militates in favor of examining the merits when deciding if a petition was "properly filed."

However, the second rationale articulated by the majority courts – comity – strongly supports the opposite result. As noted above, principles of comity dictate that state courts should be afforded an opportunity to consider a petitioner's claims before the petitioner presents those claims to a federal court. *Coleman v. Thompson,* 501 U.S. at 731, 111 S.Ct. 2546. It is possible to condition tolling on a finding of non-frivolousness as of the time of filing as this fact can be readily ascertained. In contrast, there is no way to predict whether a state court will decide to overlook a petitioner's procedural default and nevertheless reach the merits.

Morgan's second petition illustrates this point. The Illinois appellate court found that his request for post-conviction relief was procedurally barred. Yet, it reached the merits in the alternative. The state court's decision to reach the merits means that this court can review that decision under the standards set forth in the AEDPA, as this court will not rely on state court procedural default if the state court declined to do so. There is no way to anticipate, at the time that a second or successive state post-conviction petition is filed, whether a state court will opt to reach the merits despite a petitioner's procedural default.

Accordingly, principles of comity dictate that this court allow the state court an opportunity to consider the merits of a successive state post-conviction petition prior to the institution of federal habeas proceedings, even if that petition is procedurally barred and thus is frivolous as of the time it is filed. The court thus concludes that Morgan's second post-conviction petition tolled the one year limitations period pursuant to § 2244(d)(2). His § 2254 petition is, therefore, not time-barred. Because the court may consider the merits of his petition, the court orders the respondent to file an answer addressing the merits of Morgan's petition by July 24, 1998.

### Conclusion

Thomas Page is substituted in the place of respondent Jerry Gilmore. Because Morgan's petition is not time-barred, the respondent's motion to dismiss [13–1] is denied. The respondent shall file an answer to Morgan's petition by July 24, 1998. Morgan's motion for the appointment of counsel [15–1] is denied without prejudice and may be renewed, if appropriate, after the respondent files its answer.