**Willie McCLAIN, Petitioner,**

v.

**Thomas F. PAGE, Warden, Respondent.**

No. 98–CV–2121.

United States District Court,
C.D. Illinois,
Danville/Urbana Division.

Feb. 3, 1999.

Willie McClain, Menard, IL, pro se.

Jay Paul Hoffmann, Office of the Attorney General, Chicago, IL, for respondent.

### ORDER

McCUSKEY, District Judge.

On May 11, 1998, Petitioner, Willie McClain, filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus (# 1) in the Southern District of Illinois. On June 3, 1998, after the case was transferred to this

court, Petitioner's petition for leave to proceed without prepayment of fees and costs (# 5) was granted. On August 31, 1998, Respondent, Thomas F. Page, filed a Motion to Dismiss (# 9) the petition. Respondent argues that the petition is not timely. This court agrees. Accordingly, Petitioner's habeas corpus petition is dismissed.

## FACTS

Following a jury trial, Petitioner was found guilty of aggravated battery and two counts of first degree murder. On April 26, 1993, he was sentenced to natural life imprisonment for each first degree murder conviction and a concurrent term of seven years' imprisonment for aggravated battery. Petitioner appealed, and the Fourth District Appellate Court affirmed the convictions on January 12, 1995. *People v. McClain*, 269 Ill.App.3d 500, 206 Ill.Dec. 580, 645 N.E.2d 585 (1995). Petitioner filed a petition for leave to appeal which was denied by the Illinois Supreme Court on April 5, 1995. *People v. McClain*, 161 Ill.2d 535, 208 Ill.Dec. 366, 649 N.E.2d 422 (1995).

On March 18, 1996, Petitioner filed a pro se petition pursuant to Illinois' Post–Conviction Hearing Act (725 Ill.Comp.Stat. 5/122–1 et seq. (West 1996)) in the circuit court of Champaign County. However, the Post–Conviction Hearing Act provides that no proceedings under the Act may be commenced more than six months after the denial of a petition for leave to appeal or more than three years from the date of conviction, whichever is sooner. 725 Ill.Comp.Stat. 5/122–1 (West 1996). Because Petitioner's petition for leave to appeal was denied on April 5, 1995, his post-conviction petition had to be filed no later than October 5, 1995. As a result, Petitioner also filed in the circuit court a motion to file a late petition for post-conviction relief. In his motion, Petitioner alleged that the delay in filing the post-conviction petition was due to a "lockdown" at the Pontiac Correctional Center. The circuit court denied Petitioner's motion to file his late post-conviction petition, and he appealed.

On appeal, the Fourth District Appellate Court, with one Justice dissenting, affirmed the circuit court's ruling. *People v. McClain*, 292 Ill.App.3d 185, 226 Ill.Dec. 66, 684 N.E.2d 1062 (1997). The court found that Petitioner failed to make a "substantial showing" that his delay in timely filing a post-conviction petition was not due to his culpable negligence. *McClain*, 226 Ill.Dec. 66, 684 N.E.2d at 1064. The court noted that a post-conviction petition need only set forth the "gist of a meritorious claim." *McClain*, 226 Ill.Dec. 66, 684 N.E.2d at 1065. The court stated:

> The petitioner-inmate need only plead sufficient facts from which the trial court could find a valid claim of deprivation of a constitutional right. Accordingly, we conclude that a prison 'lockdown,' restricting an inmate's access to the prison law library, does not constitute a legitimate excuse for the inmate's not filing a postconviction petition in a timely fashion. *McClain*, 226 Ill.Dec. 66, 684 N.E.2d at 1065.

Petitioner filed a petition for leave to appeal. The Illinois Supreme Court denied the petition on February 4, 1998. *People v. McClain*, 176 Ill.2d 585, 229 Ill.Dec. 58, 690 N.E.2d 1385 (1998). As noted, Petitioner filed his petition for a writ of habeas corpus on May 11, 1998.

## ANALYSIS

■ The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. 104–32, 100 Stat. 1214, applies to this case because Petitioner filed his § 2254 petition after April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S.Ct. 2059, 2068, 138 L.Ed.2d 481 (1997). Under the AEDPA, a one-year period of limitations applies to a habeas corpus petition by a person in state custody. 28 U.S.C. § 2244(d)(1). For § 2254 petitions filed by persons convicted prior to the effective date of the AEDPA, the period of limitations does not begin to run until April 24, 1996, the AEDPA's enactment date. *Gendron v. United States*, 154 F.3d 672, 675 (7th Cir.1998). In this case, Petitioner's May 11, 1998, petition was filed more than two years after the effective date of the AEDPA.

■ However, under the AEDPA, the one-year limitations period is tolled for "the time

during which a properly filed application" for state post-conviction relief is pending. 28 U.S.C. § 2244(d)(2); *Gendron*, 154 F.3d at 675; *United States ex rel. Morgan v. Gilmore*, 26 F.Supp.2d 1035, 1038 (N.D.Ill.1998). A "properly filed application" is one submitted according to the state's procedural rules, including the rules governing the time and place of filing. *Morgan*, 26 F.Supp.2d at 1038 (quoting *Lovasz v. Vaughn*, 134 F.3d 146, 147 (3d Cir.1998)). Accordingly, an untimely petition is not "properly filed" and cannot toll the limitations period under § 2244(d)(2). See *Young v. Roth*, 1998 WL 851502, at *2 (N.D.Ill.1998); *United States ex rel. Walker v. Carter*, 1998 WL 685373, *2 (N.D.Ill.1998); *Morgan*, 26 F.Supp.2d at 1038.

■ In this case, Petitioner's post-conviction petition was found to be untimely and was dismissed by the circuit court. This judgment was affirmed on appeal. It is clear from these facts that Petitioner did not have a "properly filed application" for state post-conviction relief. Therefore, the limitations period was *not* tolled pursuant to 28 U.S.C. § 2244(d)(2), and, to be timely, Petitioner's petition for habeas corpus relief had to be filed by April 23, 1997. See *Young*, 1998 WL 851502, at *2.

■ Petitioner's petition was not filed until May 11, 1998, and must be dismissed as untimely. This court further notes that, even if Petitioner's habeas corpus petition was not dismissed on this basis, his claim for habeas relief would have to be denied. See *United States ex rel. Hadley v. Haws*, 1998 WL 698939, at *4–7 (N.D.Ill.1998) (court found limitations period was tolled because the petitioner had filed a post-conviction petition, but then denied the petitioner habeas relief based upon procedural default because his untimely post-conviction petition was dismissed by the state court and not decided on the merits). In any event, this court concludes that the proper procedure under these circumstances is to dismiss the habeas petition as untimely pursuant to 28 U.S.C. § 2244(d)(1).

IT IS THEREFORE ORDERED THAT the petition for a writ of habeas corpus is dismissed as time barred.

The clerk is directed to dismiss the petition with prejudice.