William H. LUCAS, Petitioner,

v.

Harold CARTER, Warden, Respondent.

No. 3:98CV7072.

United States District Court,
N.D. Ohio,
Western Division.

March 23, 1999.

William H. Lucas, Lima, OH, pro se.

Mark Joseph Zemba, Office of the Assistant Attorney General, Cleveland, OH, for Harold Carter, defendant.

### OPINION AND ORDER

POTTER, Senior District Judge.

This action is before the Court on William Lucas' petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, respondent's answer, and petitioner's traverse. Petitioner is currently incarcerated at Lima Correctional Institution in Lima, Ohio.

As an initial matter, the Court finds that the petition may be resolved from the record. Therefore, an evidentiary hearing is not required. *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), *Amos v. Scott,* 61 F.3d 333 (5th Cir.1995); Rule 8 of Rules Governing § 2254 Proceedings. Furthermore, for the reasons hereinafter stated, petitioner's habeas petition is denied.

In 1985, after a jury trial, petitioner was found guilty of three counts of attempted murder, one count of aggravated burglary, and one count of kidnapping. The jury also found him guilty of firearm specifications as to each count. He was sentenced to a total term of imprisonment of 27–75 years.

Petitioner filed a direct appeal in the Third District Court of Appeals, raising the following assignments of error:

I. THE TRIAL COURT ABUSED IT'S [SIC] DISCRETION TO THE SUBSTANTIAL PREJUDICE OF THE DEFENDANT–APPELLANT BY DENYING THE DEFENDANT–APPELLANT HIS RIGHT TO PRESENT EVIDENCE WHICH WAS RELEVANT AND MATERIAL TO HIS DEFENSE.

II. THE TRIAL COURT ERRED WHEN IT FAILED TO MERGE COUNTS I, II AND III OF THE INDICTMENT IN CONTRAVENTION OF OHIO REVISED CODE, SECTION 2941.25(A).

III. THE TRIAL COURT ERRED BY SENTENCING THE APPELLANT TO THREE (3) CONSECUTIVE TERMS OF ACTUAL INCARCERATION OF "FIREARM SPECIFICATIONS" IN CONTRAVENTION OF OHIO REVISED CODE, SECTION 2929.71(B).

Respondent's Exhibit E. On September 29, 1987, the Court of Appeals rejected petitioner's first and second assignments of error, but found merit in the third assignment of error. In doing so, the appellate court reversed the judgment of conviction as to one three-year period of incarceration on the firearm specifications, but affirmed the judgment in all other respects. Petitioner failed to file a timely appeal in the Ohio Supreme Court.

On September 23, 1996, petitioner filed a petition to vacate or set aside sentence in state court, alleging the ineffective assistance of counsel as his sole ground for relief. After the trial court dismissed his petition, petitioner filed a timely notice of appeal. However, on March 3, 1997, the appeal was dismissed for want of prosecution. Respondent's Exhibit O. On April 2, 1997, the Court of Appeals overruled a motion for reconsideration filed by petitioner. Petitioner sought review of the April 2 order by the Ohio Supreme Court. However, on July 2, 1997, the Ohio Supreme Court dismissed his appeal as not involving a substantial constitutional question.

Thereafter, on August 21, 1997, petitioner filed a notice of appeal and motion for delayed appeal in the Ohio Supreme Court, seeking review of the Court of Appeals opinion dated September 29, 1987. However, on October 1, 1997, the Ohio Supreme Court denied his motion and dismissed his appeal. Respondent's Exhibit W.

On February 12, 1998, petitioner filed the instant petition, alleging the following grounds for relief:

1. Appellant was denied Due process and the provisions of the 8th and 14th Amendment when he was subjected to multiple punishments.

2. Appellant was denied right secured in the 6th, 5th, and the 14th Amendment when trial court denied the right to put on relevant testimony.

3. Appellant was denied the right of a post conviction relief, when the trial court dismissed it upon erroneous basis.

In the his answer, respondent first contends that petitioner's claims are barred by the statute of limitations set by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 (AEDPA). That Act, signed into law on April 24, 1996, amended 28 U.S.C. § 2244, adding a new one-year period of limitation for petitions for writ of habeas corpus. *See* 28 U.S.C. § 2244(d). The limitation period, with certain exceptions not applicable in the case sub judice, begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

 The AEDPA does not expressly provide an exception with respect to the limitation period for cases in which the judgment of conviction became final before April 24, 1996, the effective date of the Act. However, new statutes of limitation must allow a "reasonable time after they take effect for the commencement of suits upon existing causes of action." *Texaco, Inc. v. Short*, 454 U.S. 516, 527 n. 21, 102 S.Ct. 781, 70 L.Ed.2d 738 (1982). This Court agrees with the courts which have

found that a reasonable time for a petitioner to file a claim after the enactment of the AEDPA is one year. *See Burns v. Morton*, 134 F.3d 109, 111 (3d Cir.1998); *Calderon v. U.S. Dist. Court for the Central Dist. of Cal.*, 112 F.3d 386, 389 (9th Cir. 1997); *United States v. Simmonds*, 111 F.3d 737, 746 (10th Cir.1997); *Lindh v. Murphy*, 96 F.3d 856, 866 (7th Cir.1996), *rev'd on other grounds* 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Furthermore, the Court finds that the tolling provisions of § 2244(d)(2) apply during this one-year grace period. *See Cox v. Angelone*, 997 F.Supp. 740, 743 (E.D.Va.1998).

In the case sub judice, petitioner's conviction became final in 1987, when the time expired for petitioner to file a notice of appeal in the Ohio Supreme Court. Because the judgment became final prior to the effective date of the AEDPA, the statute of limitations did not begin to run until April 24, 1996. Although petitioner filed a petition for post-conviction relief in the state trial court on September 23, 1996, respondent argues that the petition was dismissed on res judicata grounds and, therefore, was not "properly filed" as required for the tolling provision to apply under § 2244(d)(2). For the following reasons, the Court disagrees.

Pursuant to § 2244(d)(2), "properly filed" post-conviction petitions serve to toll the limitation period. The Sixth Circuit has not yet considered what constitutes a "properly filed" application for state post-conviction relief. However, the majority of courts that have considered the meaning of "properly filed" have afforded it the same meaning it has in other contexts; that is, a petition is properly filed if it is submitted according to the state's procedural requirements, such as notice to the respondent, correct place of filing, and timeliness of the petition. *See Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir.1998); *Galindo v. Johnson*, 19 F.Supp.2d 697, 699–701 (W.D.Tex.1998); *Hughes v. Irvin*, 967 F.Supp. 775, 778 (E.D.N.Y.1997);

*United States v. Gilmore*, 1998 WL 372060 (N.D.Ill. June 29, 1998). These courts have rejected the notion that a meritless or frivolous petition is not "properly filed" for purposes of tolling the limitations period set forth in § 2244(d). *Lovasz*, 134 F.3d at 149; *Galindo*, 19 F.Supp.2d at 700–701; *Hughes*, 967 F.Supp. at 778; *Gilmore*, 26 F.Supp.2d at 1041 (N.D.Ill.1998); *but see Hill v. Keane*, 984 F.Supp. 157 (1997) (state law barred the state post-conviction petition because it raised claims that could have been raised on direct appeal; therefore, petition was not properly filed for purposes of AEDPA limitations period); *Valentine v. Senkowski*, 966 F.Supp. 239 (1997) (state petition must not only be timely, but also must be non-frivolous in order to be "properly filed"). As stated in *Gilmore*, "principles of comity dictate that [a federal court] allow the state court an opportunity to consider the merits of a successive state post-conviction petition prior to the institution of federal habeas proceedings, even if that petition is procedurally barred and thus is frivolous as of the time it is filed." *Gilmore*, 26 F.Supp.2d at 1041 (N.D.Ill.1998).

■ This Court finds the reasoning of the majority of courts persuasive. Thus, the Court finds that the limitation period was tolled as a result of the petition for post-conviction relief filed by petitioner on September 23, 1996. That petition remained pending until final disposition by the Ohio Supreme Court on July 2, 1997. Although the statute of limitations began running again on July 3, 1997, petitioner filed a motion for delayed appeal on August 21, 1997, which again tolled the limitation period. That motion remained pending until October 1, 1997. The instant habeas petition was filed on February 12, 1998, within the one-year limitation period.

■ Respondent next contends that all of petitioner's claims have been procedurally defaulted. Absent a showing of cause and prejudice, the procedural default rule set forth in *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), precludes a federal court from hearing an issue to which the state appellate courts applied a procedural bar. The Sixth Circuit has set forth the following 4-prong analysis for determining whether a claim has been procedurally defaulted:

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>
> \*\*\*
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction.
>
> \*\*\*
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> \*\*\*
>
> [Finally,] petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir.1986).

■ Both petitioner's first and second grounds for relief were raised as assignments of error in his direct appeal in 1987. Petitioner did not, however, file a timely appeal of the Court of Appeals decision to the Ohio Supreme Court, and his subsequent motion for leave to file a delayed appeal in the Ohio Supreme Court was denied. Petitioner was, therefore, barred from raising his claims in the Ohio Supreme Court due to his failure to comply with the state procedural rule governing the filing of an appeal to the Ohio Supreme Court. This constitutes an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim. Petitioner has failed to demonstrate cause for his default or actual prejudice.

Furthermore, in his first ground for relief, petitioner alleges that he was denied due process when he was subjected to multiple punishments. However, this claim was presented as a state law claim only in the state court of appeals, and not as a federal constitutional claim. *See* Respondent's Exhibit E, pp. 9–11. The doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court. *See Pillette v. Foltz,* 824 F.2d 494, 497 (6th Cir.1987); *Wong v. Money,* 142 F.3d 313 (6th Cir. April 16, 1998). Because petitioner failed to exhaust his state remedies with respect to this claim and the court to which the petitioner would be required to present the claim in order to meet the exhaustion requirement would now find the claim procedurally barred, there is a procedural default for purposes of federal habeas review. *Coleman v. Thompson,* 501 U.S. 722, 735, 111 S.Ct. 2546, 115 L.Ed.2d 640 n. * (1991). Thus, the Court finds petitioner's first and second grounds for relief not well taken.

In his third ground for relief, petitioner alleges that he was "denied the right of a post-conviction relief when the trial court dismissed it upon erroneous basis." Petition, p. 6. However, a claim challenging a state post-conviction proceeding is not cognizable in a federal habeas corpus action since such a claim addresses collateral matters and not the underlying state conviction giving rise to the prisoner's incarceration. *See Kirby v. Dutton,* 794 F.2d 245, 247 (6th Cir. 1986). Nevertheless, even if cognizable, this claim was procedurally defaulted when petitioner failed to prosecute his appeal in state court. Thus, the Court finds petitioner's third ground for relief not well taken.

Further, for the foregoing reasons, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, *see* Fed.R.App.P. 24(a), and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App.P. 22(b); *Kincade v. Sparkman,* 117 F.3d 949, 951 (6th Cir.1997).

THEREFORE, for the foregoing reasons, good cause appearing, it is

ORDERED that the petition for writ of habeas corpus be, and hereby is, DENIED; and it is

FURTHER ORDERED that petitioner is denied a certificate of appealability; and it is

FURTHER ORDERED that petitioner is denied leave to file an appeal *in forma pauperis.*